DLD-170                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3878
_____

CURTIS CLAY PHILLIPS, JR.,
Appellant

v.

NORTHAMPTON CO., P.A.; ATTORNEY GENERAL PENNSYLVANIA;
PRISON WARDEN TODD L. BUSKIRK
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 5-14-cv-06007)
District Judge: Honorable Thomas N. O'Neill, Jr.
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 23, 2017
Before: CHAGARES, VANASKIE and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 26, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Curtis Phillips, Jr., appeals the District Court's dismissal of his second amended complaint for the failure to state a claim. We will summarily affirm.

Phillips is a Pennsylvania state prisoner who brought a federal civil rights suit against Northampton County alleging various violations related to Phillips' arrests, prosecutions, convictions, and conditions of confinement. The District Court dismissed Phillips' first two complaints without prejudice, but granted him leave to file a second amended complaint that would have to "identify all of the defendants in the caption of the second amended complaint in addition to the body of the second amended complaint, and describe how each defendant was responsible for violating his rights." Phillips' then filed a second amended complaint that brought federal constitutional and state law claims against Northampton County, Prison Warden Todd L. Buskirk, and former Pennsylvania Attorney General Kathleen Kane. That complaint did not name the persons that were directly involved in the alleged violations against Phillips, but rather sought to allege that the three named defendants were liable because they failed to prevent the harms that Phillips had endured or were responsible as supervisors. The defendants then filed motions to dismiss the second amended complaint, which the District Court granted. This appeal followed.

Our review of the District Court's dismissal order is plenary. Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 31-32 (3d Cir. 2011) (per curiam). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

2

claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting and citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007)). "Determining whether a complaint states a plausible claim to relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. When considering a motion to dismiss, we construe a pro se plaintiff's pleadings liberally. See Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).

We may summarily affirm a District Court's order if the appeal presents no substantial question, see 3d Cir. LAR 27.4; I.O.P. 10.6, and we may rely on any ground that the record supports, see Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

Here, there is no substantial question that Phillips' second amended complaint failed to state a claim, largely for the reasons explained by the District Court. See Fantone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015) (holding that a pro se complaint must still meet Iqbal's plausibility standard). To be sure, Phillips' allegations, if true, set forth a potentially troubling array of constitutional violations. The problem with those allegations is that they concerned the actions of other officials, not the named defendants. In order to plead viable claims against the named defendants, Phillips needed to plausibly allege that they were responsible for the actions of the non-defendant officials. There is no substantial question that Phillips failed to do so.

3

To plead that Kane was liable in her individual capacity[1] as a supervisor, Phillips had to allege that she was personally involved in the constitutional violation—vicarious liability is not enough.  See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).  Phillips did not plead facts sufficient to allege that Kane established a policy, practice, or custom that directly caused the harms that Phillips allegedly endured.  See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004).  Nor did Phillips plead facts sufficient to allege that Kane participated in, directed, or had knowledge of (and acquiesced to) any of the constitutional violations that Phillips alleged.  See Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).  Instead, Phillips' allegations amounted to an assertion that various constitutional violations occurred, and that those violations must have been brought to Kane's attention.  Phillips never pleaded facts sufficient to support that assertion.  Consequently, there is no substantial question that the District Court did not err when it dismissed the claims against Kane in the second amended complaint.

Phillips' allegations against Buskirk suffer from the same deficiency.  Although Phillips' second amended complaint pleaded numerous allegations related to potential constitutional violations at Northampton County Prison, where Buskirk was warden, it never pleaded facts sufficient to allege that Buskirk was personally involved with those

---

[1] We agree with the District Court that Phillips could not sue Kane in her official capacity because such a suit would amount to a suit against the Commonwealth that the Eleventh Amendment barred.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 70-71 (1989).

potential violations.  See Evancho, 423 F.3d at 353.  Here too, there is no substantial question that the District Court did not err when it dismissed the claims against Buskirk in the second amended complaint.

That leaves the allegations brought against Northampton County.  For the federal constitutional claims brought against the County, Phillips was required to plead that a municipal policy, custom, or practice led to the purported constitutional violations at issue.  See Connick v. Thompson, 563 U.S. 51, 60-61 (2011).  We have little to add to the District Court's thorough analysis of the allegations against the County.  See Phillips v. Northampton County, P.A., Civ. No. CV 14-6007, 2016 WL 4944221, at *11–*20 (E.D. Pa. Sept. 14, 2016).  Overall, the allegations that Phillips included in his second amended complaint set forth only "vague assertions" of policy, custom, or practice that are insufficient to plead municipal liability.  See Groman v. Twp. of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995).  Other than some wholly conclusory and highly generalized assertions about unspecified patterns of misconduct, Phillips pleaded no facts to support the existence of any policy, custom, or practice beyond those involving his own arrests, convictions, and confinement.  In this case, those facts are not alone sufficient to establish municipal liability for the federal constitutional violations at issue.

Finally, we agree with the District Court that the state law claims against Northampton County fail due to the operation of the Pennsylvania Political Subdivision Tort Claims Act.  See Pa. Cons. Stat. § 8541 et seq.  Moreover, it would also have been

5

appropriate for the District Court to decline to exercise supplemental jurisdiction over those state law claims once it determined that the federal claims should be dismissed. See 28 U.S.C. § 1367(c). Thus, Phillips' challenges to the District Court's dismissal of the claims against Northampton County also present no substantial question.

Consequently, for the above reasons and for the reasons set forth in the District Court's opinion, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4; I.O.P. 10.6.